William WITTIK, Carolyn
Wittik, Plaintiffs,

v.

STATE FARM INSURANCE COM-
PANY, Defendant–Cross–
Claimant–Appellee,

v.

Empire Insurance Company,
Defendant–Cross–Claimant–
Appellant.

Docket No. 04–0785–CV.

United States Court of Appeals,
Second Circuit.

Aug. 25, 2005.

Douglas Le Brun, Dinse, Knapp &
McAndrew, P.C. (Shapleigh Smith, Jr., on
the brief), Burlington, VT, for Appellant.

Robin Ober Cooley, Pierson Wadhams
Quinn Yates & Coffrin, (Richard H. Wad-
hams, Jr., on the brief), Burlington, VT,
for Appellee.

Present: WALKER, Chief Judge,
FEINBERG, and RAGGI, Circuit Judges.

**AMENDED SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of
said district court be and it hereby is
**AFFIRMED.**

Appellant Empire Insurance Company
("Empire") appeals the January 27, 2004,

judgment of the district court granting summary judgment in favor of appellee State Farm Insurance Company ("State Farm") in this dispute over underinsured motorist coverage ("UIM"), and ordering that any set-off for plaintiffs' recovery from the underinsured motorist's carrier be apportioned pro rata between Empire and State Farm. We assume familiarity with the facts and proceedings in the court below as well as with the issues raised on appeal.

 Having thoroughly considered appellant's arguments and the record below, we find no error in the district court's rejection of Empire's claim that it was the primary UIM insurer and, therefore, that it was entitled to the entire set-off. The UIM endorsement contained in Empire's policy listed several forms the endorsement purported to amend, but did not list the Rental Auto Coverage ("RAC") form. Because endorsements modify only the policies to which they are attached, see, e.g., Waters v. Concord Group Ins. Cos., 169 Vt. 534, 725 A.2d 923, 926 (1999) (applying endorsement that expressly instructed policy holder that endorsement amended policy), and the UIM endorsement expressly did not modify the RAC, that endorsement cannot be the source of the Wittiks' UIM coverage. Under Vermont law, however, every automobile liability policy must include UIM coverage, Vt. Stat. Ann. tit. 23 § 941(a), and in the absence of express UIM provisions, a policy will be "deemed" to provide statutory minimum coverage, id. § 943. Although State Farm premised its claim for a pro rata distribution on the RAC's "Other Insurance" provision, as to which Empire asserted itself to be an excess insurer, the district court properly rejected the applicability of that provision as contrary to Vermont public policy, see State Farm Mut. Auto Ins. Co. v. Powers, 169 Vt. 230,

732 A.2d 730, 736 (1999). Furthermore, the district court recognized that Empire's UIM coverage, which the court inferred to be part of the RAC because of Vermont's statutory requirement, was not primary coverage under the RAC and ordered a pro rata apportionment of the setoff between State Farm and Empire after concluding that under Empire's interpretation of its liability, it would be obligated to pay nothing. We find no error in this ruling. See id. at 738–39.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**